**L. L. HINOJOSA, Appellant,**

v.

**E. V. LOVE, Appellee.**

**No. 769.**

Court of Civil Appeals of Texas, Corpus Christi.

May 10, 1973.

Homero M. Lopez, Brownsville, for appellant.

Franklin T. Graham, Jr., Brownsville, for appellee.

OPINION

YOUNG, Justice.

E. V. Love brought this suit against L. L. Hinojosa to recover on a promissory note. The trial court entered judgment by default against the defendant. Defendant's motion for new trial was overruled and defendant appeals.

On June 16, 1972, the plaintiff filed suit. Defendant was served with citation on June 26, 1972. No answer was filed, so the plaintiff sought and was granted a default judgment on July 31, 1972. On August 8, 1972, the defendant filed his motion for new trial which was overruled on September 7, 1972. The order overruling the motion for new trial recited that neither the defendant nor defendant's attorney appeared at the hearing. A facsimile of the subject note, which was introduced into evidence at the trial, follows:

NUMBER _____

NAME _____

Note $ 3000.00

Discount $ _____

Life Ins. $ _____

Collateral _____

This is a

90 Day note

| Date | Paid | Balance |
|------|------|---------|
| | | |
| | | |
| | | |
| | | |
| | 2/ | 7¾% |
| | | 9/13/ |

BROWNSVILLE, TEXAS ___May 5___ 19 68

_____ after date, for value received, I, we, or either of us, jointly, or sever-

ally, promise to pay to the order of E. V. LOVE

NATIONAL BANK OF COMMERCE OF BROWNSVILLE

BROWNSVILLE, TEXAS

Three Thousand and no/100 _____ Dollars

with interest from _____ at the rate of 7½ per cent until paid. If this note is not paid at maturity it shall bear interest after maturity date at the rate of ten per cent per annum, and if it is placed in the hands of an attorney for collection, we agree to pay fifteen per cent of the principal and interest due hereon or reasonable attorney's fees.

We, the makers, endorsers, guarantors, assignors and sureties, severally waive presentment for payment, protest and notice thereof, and diligence in collecting.

H. H. Glasgow

Address 1750 Central Blvd.

Address _____

LA76033

Exhibit "A"

Defendant, in his point two, contends that the plaintiff failed to join an indispensable party: The National Bank of Commerce of Brownsville. This contention was included in the defendant's motion for new trial. He complains the trial court erred, therefore, in overruling the defendant's motion for new trial.

■ It is obvious from an observation of the subject note that the name "E. V. LOVE" was hand printed above the printed words "NATIONAL BANK OF COMMERCE OF BROWNSVILLE" on a form note. The first question is whether these facts, without further explanation, make the plaintiff and the bank joint payees. We so hold. The note is payable jointly to Love and the bank. See 10 C.J. S. Bills and Notes § 128, p. 578 citing Sullivan v. Gaul, 198 Iowa 630, 200 N.W. 12. In Sullivan it is pointed out that the mere naming of two payees, without the word "or" between their names, makes them joint payees.

■ The next consideration is whether two payees named in a note are each indispensable parties if the note does not provide that it is payable to them in the alternative. This matter is dealt with in Section 3.116 of the Uniform Commercial Code, V.T.C.A., as follows:

"An instrument payable to the order of two or more persons—(2) if not in the alternative is payable to all of them and may be negotiated, discharged or *enforced only by all of them.*" (Emphasis supplied.)

Further, in Section 1.201(30) of the same Code, the definition of a "person" includes an organization. Rule 39, Texas Rules of Civil Procedure (as amended, effective January 1, 1971), titled "Joinder of Persons Needed for Just Adjudication", reads:

"(a) Persons to be Joined if Feasible. A person who is subject to service of process *shall be joined as a party* in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff, but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. . . .

\*      \*      \*      \*      \*      \*

(c) Pleading Reasons for Nonjoinder. A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a) (1)–(2) hereof who are not joined, and the reasons why they are not joined. (emphasis supplied)

By its judgment the trial court ordered that the plaintiff, E. V. Love, recover from defendant, L. L. Hinojosa, the sum of $4,359.22 with interest until paid and the sum of $1,453.07 as attorney's fees. Nowhere in the judgment is the bank mentioned, nor is there provision for any rights or obligations of the parties to or from the bank. If the judgment is allowed to stand, the defendant is subject to risk of a recovery by the bank from him of the same sums in another suit. We hold that the National Bank of Commerce of Brownsville is an indispensable party and should be joined in this suit. Uniform Commercial Code, supra, and Rule 39, supra.

■■ The plaintiff, Love, contends that the defendant should have appeared at the hearing or the motion for new trial and offered evidence in support of his claim that the bank had an interest in the note. Proceeding in the absence of an indispensable party is fundamental error. And if the question is not raised in the

trial court, then it should be noticed by the court of civil appeals on its own motion. Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.Sup.1966); Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435 (1936); Ellis v. Hanks, 478 S.W.2d 172 (Tex.Civ.App.—Dallas 1972, n. r. e.). According to Section (c) of Rule 39, supra, the responsibility of pleading and proof concerning the reasons for the absence of an indispensable party (the bank) lay with the plaintiff.

The plaintiff asserts that the trial court found that the terminology, pertaining to the bank, used on the face of the note was nothing more than a designation of the place where the note was payable. We have failed to find in the record the disposition by the trial judge of the bank that plaintiff relates. Appellant's point two is sustained.

It is not necessary to pass on defendant's other points of error.

The judgment of the trial court is reversed and the cause is remanded for trial.