**Glenn JOHNSON, Appellant,**

v.

**Paul COX, Appellee.**

**No. 1928.**

Court of Appeals of Texas, Corpus Christi.

March 4, 1982.

Rehearing Denied April 1, 1982.

Charles R. Cunningham, Corpus Christi, for appellant.

Kim Cox, Corpus Christi, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

OPINION

BISSETT, Justice.

This is an appeal from a default judgment. The appellee, Paul Cox, [hereinafter "Cox"] filed suit against the appellant, Glenn Johnson, [hereinafter "Johnson"] seeking to recover one-half of a $19,500.00 promissory note executed by Johnson and payable to Paul Cox and Dan M. Bates. Dan M. Bates was not a party to the suit. Johnson was served with citation but failed to appear or answer. A default judgment was rendered against Johnson which awarded Cox $9,750.00 (half the principal sum of

the note) plus interest and attorney's fees. Johnson filed a motion for new trial which, following a hearing, was denied. This appeal followed.

Johnson asserts two points of error on appeal. He first contends the trial court erred in refusing to set aside the default judgment because the plaintiff failed to join an indispensable party, i.e., Dan M. Bates, the joint payee of the note. Secondly, he contends that his failure to answer before judgment was not intentional or the result of conscious indifference, but was due to honest mistakes, and that he had a meritorious defense.

Tex.Bus. & Com.Code Ann. § 3.116 (Vernon 1968), in pertinent part, provides:

"An instrument payable to the order of two or more persons

\*  \*  \*  \*  \*  \*

(2) if not in the alternative is payable to all of them and may be negotiated, discharged or *enforced only by all of them.*" [emphasis added]

The note which is the subject of this suit is payable to the order of "PAUL COX and DAN M. BATES." It is not payable to the two payees in the alternative, and therefore it may only be enforced by both Paul Cox *and* Dan M. Bates. The fact that Cox obtained judgment for only one-half of the amount of the note does not alter the provision in Section 3.116 requiring the joinder of all joint payees.

Dan M. Bates is an indispensable party to this lawsuit. Proceeding to trial and the rendition of judgment in his absence constituted fundamental error which must be noticed by this Court. *Petroleum Anchor Equipment, Inc. v. Tyra,* 406 S.W.2d 891 (Tex.1966); *Hinojosa v. Love,* 496 S.W.2d 224 (Tex.Civ.App.—Corpus Christi 1973, no writ).

We hold that the trial court erred in refusing to set aside the default judgment against Johnson because Dan M. Bates was not a party to the suit. Point of error number one is sustained.

It is not necessary to consider the other point of error raised by Johnson.

The judgment of the trial court is reversed and the cause is remanded to the trial court.

REVERSED AND REMANDED.