Charles R. Cunningham, Corpus Christi, for respondent.

---

**Paul COX, Petitioner,**

v.

**Glenn JOHNSON, Respondent.**

No. C–1237.

Supreme Court of Texas.

July 7, 1982.

Rehearing Denied Oct. 6, 1982.

PER CURIAM.

This is a suit brought by Paul Cox to recover on a promissory note executed by Glenn Johnson. The trial court rendered a default judgment for Cox and overruled Johnson's motion for new trial. The court of appeals reversed the judgment of the trial court and remanded the cause for a new trial, holding that the trial court had committed fundamental error in allowing recovery on the note without the joinder of a joint payee. 630 S.W.2d 492. We refuse the application for writ of error of Paul Cox, no reversible error; however, we dis-

approve the holding of the court of appeals that the failure to join an additional party constituted fundamental error.

The court of appeals held the trial court erred in rendering judgment for Cox without joinder of Dan M. Bates, the joint payee on the note. This error was raised for the first time on appeal. The court of appeals relied upon our decision in *Petroleum Anchor Equip. v. Tyra*, 406 S.W.2d 891 (Tex. 1966) and its own decision in *Hinojosa v. Love*, 496 S.W.2d 224 (Tex.App.—Corpus Christi 1973, no writ), in holding that failure to join Bates was fundamental error.

▮ Fundamental or unassigned error is a discredited doctrine. *See American General Fire and Casualty Co. v. Weinberg*, 639 S.W.2d 688, 25 Tex.Sup.Ct.J. 405 (1982); *Texas Industrial Traffic League v. Railroad Commission of Texas*, 633 S.W.2d 821 (Tex. 1982); *Buckholts Ind. School Dist. v. Glaser*, 632 S.W.2d 146 (Tex.1982); *Pirtle v. Gregory*, 629 S.W.2d 919 (Tex.1982); *Greater Fort Worth & Tarrant County Community Action Agency v. Mims*, 627 S.W.2d 149 (Tex. 1982); *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104 (Tex.1981); *Hooks v. Texas Dept. Water Resources*, 611 S.W.2d 417 (Tex.1981). Fundamental error survives today only in those rare instances in which the record shows on its face that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes and constitution of this state. *Texas Ind. Traffic League v. Railroad Commission of Texas, supra; Pirtle v. Gregory, supra; Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979 (1947).

▮ *Petroleum Anchor Equip. v. Tyra* was decided before amendments to the Texas Rules of Civil Procedure changed our approach in dealing with a defect of parties from one which emphasized jurisdiction to an approach based solely upon pragmatic considerations. *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200, 203 (Tex. 1974). Under our present rule, "[i]t would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined." *Cooper v. Texas Gulf Industries, Inc., supra* at 204. The failure to join Dan M. Bates was not a matter of fundamental error. *Pirtle v. Gregory, supra; Cooper v. Texas Gulf Industries, supra*. The contrary holdings of the court of appeals in the present case as well as in *Hinojosa v. Love* are disapproved.

Johnson raised other meritorious defenses in his motion for new trial and his brief in the court of appeals. Therefore, the judgment of the court of appeals is correct, and we refuse the application for writ of error of Paul Cox, no reversible error.