**FIRST STATE BANK OF FRANKSTON,**
**Appellant,**

v.

**Allen Ray HUGHES, Appellee.**

**No. 12–81–0217–CV.**

Court of Appeals of Texas,
Tyler.

June 2, 1983.

Rehearing Denied June 30, 1983.

Gordon F. Thrall, Norman, Spiers, Thrall, Angle & Rountree, Jacksonville, for appellant.

Billy H. Gragg, Palestine, for appellee.

COLLEY, Justice.

This is an appeal from a summary judgment rendered in favor of appellee, Allen Ray Hughes (hereafter "Hughes"), against appellant, First State Bank of Frankston, Texas (hereafter "Bank").

Hughes' motion for summary judgment was based solely on the pleadings and the admissions of Bank made in response to Hughes' request for admissions. We reverse the judgment and remand the case.

The summary judgment evidence included the oral deposition of Larry Lee Bowers

(hereafter "Bowers") who is the Vice-President of American Mobile and Modular Homes of Waco, Inc. (hereafter "American"). A summary of his testimony follows. Hughes and his wife traveled to Waco, Texas, on July 24, 1979, and, being desirous of purchasing a mobile home visited the offices of American in Waco. After interviewing with a salesman for American, Hughes signed a purchase order for a 28′ × 60′ "Centurion" three bedroom, two bath mobile home with certain accessories, for a total purchase price of $30,000.00. Hughes and wife also selected colors for the exterior of the mobile home and the style and color of carpet they desired as well. Hughes signed the purchase order *Allen R. Hughes* and made a downpayment of $1,000.00 with a balance of $29,000.00 to be paid upon delivery of the home. Later when the home was constructed, Bowers and other employees of American delivered the mobile home to Frankston, Texas, to a site on certain properties apparently belonging to Ray Hughes, the father of Hughes. At the direction of Hughes and his father, Ray Hughes, the home was "set up," i.e., placed on blocks and tied down or anchored on the day of delivery. Sometime that afternoon Hughes, who was a police officer in Houston, Texas, and lived in Houston, left Frankston and traveled to Houston. Bowers stayed overnight and the next day following an inspection of the mobile home by Ray Hughes and his wife, Ray Hughes told Bowers "let's go and get your check," whereupon Bowers accompanied Ray Hughes to Frankston to the office of appellant Bank. Bowers made a telephone call in a booth across the street from the Bank and then visited an antique shop in Frankston close by while Ray Hughes went to Bank's office to secure the check. About twenty or twenty-five minutes after Ray Hughes went to appellant Bank he came out, approached Bowers and said, "Are you ready? Here's your check," handing over the check to Bowers. Ray Hughes then drove Bowers back to the property

where the mobile home was set up and Bowers got into his vehicle and returned to Waco. The check delivered to Bowers by Ray Hughes was a cashier's check in the amount of $29,000.00, drawn by Bank payable to the order of *American and Ray Hughes*. The instrument showed Ray Hughes to be the *remitter*. Bowers caused the cashier's check to be deposited to American's account in Citizen's National Bank of Waco. Ray Hughes, the other payee on the cashier's check, did not endorse the same. Appellant Bank paid the check when forwarded for collection for the account of American by the Waco bank.

Appellant Bank, in response to a request for admission filed by Hughes, admitted (1) issuing the cashier's check; (2) its genuineness; (3) that Ray Hughes did not endorse the check; (4) that Exhibit A attached to the request for admissions was a true and correct copy of the check; (5) that the check was paid by appellant Bank; and (6) that demand by Hughes' attorney for $29,-000 was made on Bank on October 7, 1980.

The above fairly represents the character and extent of the summary judgment evidence in this case.

■ Appellant Bank files responses to Hughes' motion for summary judgment alleging that fact issues existed but did not specifically allege what the issues were. However, Bowers' deposition was filed and offered as summary judgment evidence by Bank. Appellant Bank urges one point of error which is very general. Upon resort to the Bank's brief we glean that the main complaint is that genuine issues as to material facts existed precluding the entry of the summary judgment. First, the Bank contends that the evidence reveals that there was in fact a transfer of the disputed check to American and that if the transfer was for a valuable consideration, American was entitled under the Texas Business & Commerce Code Annotated Sec. 3.201,[1] to compel the endorsement of Ray Hughes, the

---

1. All references to statutes are to the Texas Business and Commerce Code Annotated (Vernon 1968).

transferor of the paper. After our review of the record, we perceive that genuine issues as to material facts were raised by the deposition testimony of Bowers, to-wit, was the Ray Hughes shown as remitter and joint payee on the check, in fact, the father or the son, appellee Allen R. Hughes? If Ray Hughes shown as joint payee was the father, then he effectively transferred all his beneficial interest in the check to American by his delivery of the check to Bowers under the record here, and hence in equity American was entitled to the proceeds of the check from Bank. Section 3.201(c); *Estrada v. River Oaks Bank & Trust Company,* 550 S.W.2d 719, 728 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). If the Ray Hughes shown as the joint payee on the check was the son, appellant Allen R. Hughes, then the evidence raises an agency issue, that is, whether the father, Ray Hughes, was acting as agent for the son Hughes in making the payment on the mobile home by his authorized delivery of the cashier's check, and if so, then the same result is reached, i.e., American, also a joint payee of the check, was transferred the entire beneficial interest in the check and became the beneficial owner under Section 3.202(c); *Estrada v. River Oaks Bank & Trust Company, supra; Wertz v. Richardson Heights Bank & Trust Co.,* 495 S.W.2d 572, 574 (Tex.1973).

Hughes has failed to demonstrate the absence of a genuine issue of fact material to the issues framed by the pleadings in this case and to establish that he is entitled to the judgment rendered as a matter of law.

In the event of a re-trial, we note that before the Supreme Court's per curiam opinion in *Cox v. Johnson,* 638 S.W.2d 867 (Tex.1982), there was case law authority to the effect that failure to join each payee on commercial paper in a suit to enforce the same presented reversible fundamental error. *Hinojosa v. Love,* 496 S.W.2d 224 (Tex. Civ.App.—Corpus Christi 1973, no writ); *Johnson v. Cox,* 630 S.W.2d 492 (Tex.App.—Corpus Christi 1982). In *Cox v. Johnson, supra,* the Supreme Court expressly disapproved the holdings of *Hinojosa* and *Cox* by

the Corpus Christi Court of Appeals despite the clear language of Section 3.116. However, it appears to us that joinder of American as a defendant herein under Rule 39(a)(2) would be quite appropriate.

The summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.