Nancy C. OLIVARES, Appellant,

v.

Julia L. CAUTHORN, Theodore M.
Bailey and Jessie S. Bailey,
Appellees.

No. 04–85–00539–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 29, 1986.

Rehearing Denied Oct. 13, 1986.

Nancy C. Olivares, pro se.

Thomas H. Crofts, Jr., Groce, Locke &
Hebdon, San Antonio, for appellees.

Before ESQUIVEL, TIJERINA and
DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a default judgment granted against appellant, Nancy C. Olivares (Olivares). Appellees, Julia L. Cauthorn, Theodore M. Bailey, and Jessie S. Bailey (Cauthorn, et al), sued Olivares and others for injunctive and declaratory relief regarding the rights Cauthorn, et al, maintained in certain real property. The trial court overruled Olivares' motion to set aside the judgment and severed her cause from the remainder of the action.

On appeal, Olivares brings five points of error:

### POINT OF ERROR 1

Fundamental error exists because the district court is without jurisdiction to grant the default judgment since the plaintiffs' fourth amended petition fails to state a justiciable controversy sufficient for the district court to grant a declaratory judgment. A justiciable controversy cannot exist without joinder of the holder(s) of the

liens whose record status appellees seek to affect, belatedly, through the underlying suit.

## POINT OF ERROR 2

The court committed error in granting a default judgment against appellant when the record fails to show affirmatively that appellees met their "due process" burden. Specifically, appellant was not served with citation on the original petition nor with citation on any of the amended original petitions, including the plaintiffs' fourth amended original petition.

## POINT OF ERROR 3

The court committed error by granting a default judgment which is not supported by the pleadings. Specifically, the plaintiffs' fourth amended original petition wholly fails to state a cause of action against appellant; if it does, the same is preempted by *Limitations on Personal Actions*, Ch. 716, 1979 Tex.Gen.Laws, 1768, *repealed by* Act of September 1, 1985, Ch. 959, § 9(1) 1985 Tex.Gen.Laws 7218. (hereinafter Article 5526).

## POINT OF ERROR 4

The court committed error by signing a default judgment against appellant awarding money damages and other affirmative relief amounting to money damages without notice to appellant of a trial on the merits before a jury for the airing of evidence thereon.

## POINT OF ERROR 5

Fundamental error exists with respect to any citations purportedly served by Bexar County Sheriff Joe Neaves because he as a defendant in Cause No. 84CI15993 and has an interest in its outcome, which is forbidden by TEX.R.CIV.P. 30, from executing service.

■ At the outset, this court notes that the record in the instant case is devoid of a statement of facts. Generally a default judgment will not be reversed and the cause remanded because of a lack of a statement of facts unless a court reporter was not present to transcribe the hearing. *Hawkins v. Hawkins*, 626 S.W.2d 332, 333 Tex.App.—Tyler 1981, no writ). The appellants have the burden to timely secure and file in the appellate court a proper statement of facts or prove their inability to do so, through no fault of their own, after the exercise of due diligence. *Moore v. Iglesias*, 522 S.W.2d 607, 608 (Tex.Civ.App.—Dallas 1975, no writ).

Olivares failed to meet her burden to file a statement of facts or show her inability to procure a complete record. As such, we are limited to the record before us.

Furthermore, Olivares prays that this court:

1) set aside the default judgment against her;

2) grant her motion to have the transcripts in appeal Nos. 04–85–00020–CV, 04–85–00203, 04–85–00203 transferred to this cause;

3) or alternatively grant her motion for leave to file a supplemental transcript.

Before this court can set aside a default judgment, Olivares must satisfy certain requirements:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an inquiry to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966).

■ From the transcript before us, Olivares failed to file a motion for new trial which would satisfy the aforementioned requirements. In addition, Olivares makes no showing, in her motion to set aside the default judgment or her briefs, of the need for a reversal based on her satisfaction of

the *Craddock* requirements. *Craddock* applies when a defendant fails to file an answer as well as when a defendant fails to appear. *Ivy*, 407 S.W.2d at 213. Since the *Craddock* requirements are a minimum requirement necessary to set aside a default judgment, we hold that we cannot grant Olivares this relief. However, we will consider her points of error.

In her first point of error, Olivares complains that the trial court was without jurisdiction to grant the default judgment since a justiciable controversy did not exist without the joinder of the holder of the deed of trust and mechanic's lien. We cannot agree that this nonjoinder is fundamental error. The cases cited by Olivares for support are inapplicable since the TEX. R.CIV.P. 39 now governs such issues:

> (a) Person to be Joined if Feasible. A person who is subject to a service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

In addition, we agree with Cauthorn, et al, that the Texas Supreme Court has settled this issue in *Cox v. Johnson*, 638 S.W.2d 867 (Tex.1982). In *Cox*, plaintiff sought recovery on a promissory note from the defendant. It was urged for the first time on appeal that the trial court had committed fundamental error in allowing recovery on the note without the joinder of a joint payee. The Supreme Court held that fundamental error survives today only in those rare instances in which the record shows on its face that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes and constitution of his state. *Cox*, 638 S.W.2d at 868. The Supreme Court made it clear that Olivares' view is no longer the law:

> *Petroleum Anchor Equip. v. Tyra*, 406 S.W.2d 891 (Tex.1966) was decided before amendments to the Texas Rules of Civil Procedure changed our approach in dealing with a defect of parties from one which emphasized jurisdiction to an approach based solely upon pragmatic considerations. *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200, 203–04 (Texas 1974). Under our present rules, "[i]t would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to ajudicate between the parties already joined." *Id* at 868.

The only case cited by Olivares which was written after the 1971 amendments to Rule 39 is *Clear Lake City Water Authority v. Clear Lake Utilities Company*, 549 S.W.2d 385 (Tex.1977). However, on a closer reading, the Supreme Court reiterated the position it emphasized in *Cox*. In its construction of the Uniform Declaratory Judgment Act (hereafter art. 2524–1), Ch. 190, § 1, 1981, Tex.Gen.Laws, 455, *repealed by* Act of September 1, 1985, Ch. 959, § 9(1) 1985 Tex.Gen.Laws 7218, the Supreme Court rejected any construction of art. 2524–1 which would make the decision of the trial court to proceed in the absence of a party fundamental error in all cases. *Id.* at 390. The court held further that such an extreme construction would operate to unduly limit the availability of relief between parties having a justiciable controversy capable of complete determination without seriously prejudicing the rights of others. *Id.* at 390. The court concluded that there was no substantive inconsistency between articles 2524–1 and Rule 39. *Id.* at 390.

We overrule Olivares' point of error number one.

Olivares alleges in her second point of error that she was not duly served. In her fifth point of error, Olivares claims that Sheriff Joe Neaves had an interest in the outcome of her suit in violation of TEX.R. CIV.P. 103 and therefore could not properly serve Olivares. We will review these points together.

■ The judgment rendered by the trial court states specifically that Olivares was duly served. We agree with Cauthorn, et al, that in the absence of a statement of facts it must be presumed that the trial court's ruling was fully supported by the evidence since the burden is upon the party appealing from the judgment to show that the judgment is erroneous. *Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex. 1968).

Olivares refers to the citation as evidence of the failure of Cauthorn, et al, to properly have her served. We cannot consider the citation since it is not in the record before us. Without evidence of the citation, or evidence of Sheriff Neaves' interest in the outcome of this suit, we also cannot review Olivares fifth point of error.

We overrule Olivares' second and fifth points of error.

■ In her point of error number three, Olivares complains that plaintiff's fourth amended original petition fails to state a cause of action or, in the alternative, is preempted by Article 5526. Since the pleadings are not before us, we cannot pass on their sufficiency and we must presume the omitted pleadings establish the correctness of the judgment. *Hassell v. New England Mutual Life Insurance Co.,* 506 S.W.2d 727, 727 (Tex.Civ.App.—Waco 1974, writ ref'd). In addition, we hold Article 5526 is inapplicable as it has been repealed. Absent a complete record, the relevant Civil Practices and Remedies Code § 16.003 (Vernon's 1986) is also inapplicable.

We overrule Olivares' third point of error.

Olivares complains in her fourth point of error of the trial court rendering a default judgment in which money damages were awarded. Olivares complains she was entitled to notice so she could have exercised her alleged right to a trial by jury on the merits of her case. We disagree.

■ In *Helfman Motors, Inc. v. Stockman,* 616 S.W.2d 394 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.), an interlocutory default judgment was taken in a suit involving deceptive trade practices and a breach of warranty. Similar to the case at bar, the defendant failed to file an answer and the trial court found the defendant was duly served with notice. The court in *Helfman* ruled that Helfman had received the notice to which he is entitled under the law and the plaintiff was under no legal duty to refrain from taking a default judgment without notifying Helfman. *Id* at 397.

Once the trial court in the cause at bar found in its judgment that the plaintiff was duly served, the plaintiff was correct in proceeding to take a default judgment against Olivares.

Olivares cites *Bass v. Duffey,* 620 S.W.2d 847 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ) for the proposition that she is entitled to notice of the hearing on damages to the plaintiff resulting from her default. In *Bass,* the court was faced with an entirely different set of facts. The defendant in *Bass,* had made an appearance but the trial court had struck his answer for his failure to timely file his answer to plaintiff's interrogatories. However, a closer reading of *Bass* reveals the rule which necessarily controls our fact situation:

> This case is unlike one in which a defendant has been served with citation and has wholly failed to make any appearances in the case. *In that case no notice of the hearing on damages would be required.* (Emphasis added). *Id.* at 850.

We adhere to the reasoning in *Bass* and overrule Olivares' fourth point of error.

Accordingly, we affirm the trial court's judgment.