In the Matter of E.R. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00001-CV







In the Matter of E. R.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-15,072, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING








 Appellant E. R., a juvenile, violated a term of his probation and the State moved to modify
disposition. After a hearing, the juvenile court revoked appellant's probation and sentenced him to the
Texas Youth Commission ("TYC"). Appellant argues that the court improperly conducted the probation
modification hearing and denied him due process. We will affirm.



BACKGROUND


 On September 14, 1995, the juvenile court found that appellant had engaged in the
delinquent conduct of unauthorized use of a motor vehicle. The court placed appellant on probation for
one year. One of the conditions ("rule 4") of his probation was a curfew requiring him to be at home from
7:00 p.m. until 7:00 a.m. daily. The State filed a motion to modify disposition alleging, among other
violations, that appellant had violated rule 4 by running away from home. Pursuant to section 54.05 of the
Texas Family Code, the juvenile court held a hearing to modify disposition on October 13, 1995.

 At the hearing, appellant stipulated that he had violated rule 4. In mitigation, appellant
testified that he had good grades and had, for the most part, attended school regularly. The probation
officer assigned to the case did not have appellant's school records at the hearing. The court decided to
modify appellant's disposition and commit him to TYC; however, it wanted to review his school records
before transporting him to TYC. At the conclusion of the October 13 hearing, the juvenile court ruled as
follows:



 THE COURT: [E.R.], today . . . I do commit you to the care, custody, and
control of the Texas Youth Commission. Because I feel that probation has failed to
provide me enough information to confirm some things, and also because I'm not sure you
believed me the last time we talked--


 THE APPELLANT: I do, ma'am.


 THE COURT: --I'm going to release you today--


 THE APPELLANT: Yes, ma'am.


 THE COURT: --on strict conditions of release. You're to report back to me on
October the 27th at 9:00 a.m. in this courtroom. If you fail to appear, a warrant for your
arrest will be issue (sic). On that date, I intend to have you transported to TYC.



(Emphasis added).

 Before recessing the hearing, the court informed appellant that it might reconsider its ruling
if he abided by the conditions of his release and if appellant's school records indicated that he had been
truthful with the court about his school attendance and grades.

 On October 27, 1995, the court reconvened and heard testimony that, since the October
13 hearing, appellant had violated his release conditions several times. The court also reviewed appellant's
school records. These indicated that he had not been truthful with the court about his school performance
and attendance. Accordingly, the court ordered the appellant transported to TYC at the end of the
October 27 proceeding.



DISCUSSION


 In his sole point of error, appellant contends that the juvenile court committed error by
denying him due process of law. Appellant argues that, by releasing him at the end of the October 13
hearing, the court continued his probation. Thus, appellant asserts that the court acted improperly when
it revoked his probation on October 27. We will overrule appellant's point of error for two reasons: first,
he waived error by failing to object at either hearing; and second, the trial court properly revoked his
probation and committed him to TYC on October 13.



1.  Waiver

 Appellant acknowledges that he did not object to the juvenile court's ruling at either hearing;
however, he contends that, by denying him due process, the court committed fundamental error.

 A party who desires to preserve error for appeal must present the trial court with a "timely
request, objection or motion, stating the specific grounds for the ruling [the party] desire[s] the court to
make . . . ." Tex. R. App. P. 52(a). The party must also obtain a ruling on that request, objection, or
motion. Id. Generally, an appellant who fails to preserve error before the trial court cannot bring that error
before an appellate court. Allright, Inc. v. Pearson, 735 S.W.2d 240, 240 (Tex. 1987); see also Rogers
v. State, 640 S.W.2d 248, 264 (Tex. Crim. App. 1982) ("It is a general rule that appellate courts will not
consider any error which counsel for accused could have called, but did not call, to the attention of the trial
court at the time when such error could have been avoided or corrected by the trial court."). Constitutional
challenges that are not raised before the trial court are waived. City of San Antonio v. Schautteet, 706
S.W.2d 103, 104 (Tex. 1986) (per curiam); Rogers, 640 S.W.2d at 264.

 Because appellant failed to make a timely request, objection, or motion to the juvenile court
on either October 13 or 27, we cannot consider his point of error unless the court committed fundamental
error. Courts will find fundamental error "only in those rare instances in which the record shows on its face
that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest
is declared in the statutes and constitution of this state." Cox v. Johnson, 638 S.W.2d 867, 868 (Tex.
1982) (per curiam). 

 Even if the juvenile court committed error in committing appellant to TYC, neither of the
above requirements for fundamental error are present. A court's improper revocation of probation that
denies a probationer due process is not fundamental error. Rogers, 640 S.W.2d at 263. Accordingly,
appellant waived error.



2.  Due Process

 Even if appellant had preserved his point of error, we would overrule it because the juvenile
court did not deny appellant due process. Appellant contends that, by releasing him to the custody of his
mother on October 13, the juvenile court continued his probation. He claims that the court did not revoke
his probation until October 27.

 A probationer who violates a condition of his parole and, after a hearing to modify
disposition, is continued on his probation cannot later have his probation revoked for the same violation. 
 See Rogers, 640 S.W.2d at 255, 263. In Rogers, the trial court found that Rogers had violated the
conditions of his probation; however, the court "continued the hearing" for ninety days to give him a chance
to "straighten up." When the trial court reconvened the hearing, it summarily revoked Rogers's probation
based upon the original violations of the conditions of his probation. Id. at 249. The court of criminal
appeals held that the trial court denied Rogers due process of law by continuing Rogers on probation at
its first hearing and revoking the probation at its subsequent hearing. Id. at 255 (on first motion for
rehearing). (1)

 In the case at hand, however, the juvenile court did not continue appellant's probation at
the October 13 hearing; rather, it revoked his probation and committed him to TYC. A court's oral order
pronounced in open court is generally valid. Walker v. Harrison, 597 S.W.2d 913, 915 (Tex. 1980) (an
oral order is valid unless there is a time limit on the court's jurisdiction). Such an order is rendered when
announced and entry of the order is merely a ministerial act. Dunn v. Dunn, 439 S.W.2d 830, 832 (Tex.
1969); Stein v. Stein, 868 S.W.2d 902, 903 (Tex. App.--Houston [14th Dist.] 1994, no writ). 

 In open court on October 13, the judge stated to appellant "I do commit you to the care,
custody, and control of the Texas Youth Commission." (2) This statement was a valid order revoking
appellant's probation. The court did not violate appellant's right to due process by waiting two weeks to
actually transport him to TYC or by indicating to appellant that the court's order might be reconsidered. (3) 
Accordingly, we overrule appellant's point of error.



CONCLUSION


 Because appellant failed to preserve error and because the juvenile court did not deny
appellant due process of law, the judgment of the juvenile court is affirmed.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: October 2, 1996

Do Not Publish
1.   Although the trial court denied Rogers due process, the court of criminal appeals held
that he failed to preserve error by objecting in either hearing; therefore, it upheld the
revocation of Rogers's probation. Rogers, 640 S.W.2d at 263-65 (on second motion for
rehearing).
2.   Additionally, a written order committing appellant to TYC was signed by the judge and
dated October 13, 1995. This written order was filed October 27, 1995; however, the juvenile
court's order was entered on the docket sheet on October 13, 1995.
3.   Appellant argues that the juvenile court failed to follow various requirements of section
54.05 of the Texas Family Code during the October 27 proceeding. His argument is without
merit because he was committed to TYC at the October 13 hearing and, therefore, the
October 27 proceeding was not a hearing to modify disposition.



EM>Rogers, 640 S.W.2d at 263. Accordingly,
appellant waived error.



2.  Due Process

 Even if appellant had preserved his point of error, we would overrule it because the juvenile
court did not deny appellant due process. Appellant contends that, by releasing him to the custody of his
mother on October 13, the juvenile court continued his probation. He claims that the court did not revoke
his probation until October 27.

 A probationer who violates a condition of his parole and, after a hearing to modify
disposition, is continued on his probation cannot later have his probation revoked for the same violation. 
 See Rogers, 640 S.W.2d at 255, 263. In Rogers, the trial court found that Rogers had violated the
conditions of his probation; however, the court "continued the hearing" for ninety days to give him a chance
to "straighten up." When the trial court reconvened the hearing, it summarily revoked Rogers's probation
based upon the original violations of the conditions of his probation. Id. at 249. The court of criminal
appeals held that the trial court denied Rogers due process of law by continuing Rogers on probation at
its first hearing and revoking the probation at i