

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00012-CV

IN RE: KEITH RUSSELL JUDD

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

By his petition for writ of mandamus, Keith Russell Judd, an inmate in federal custody in Bowie County, requests that this Court find that Section 6.701 of the Texas Family Code is unconstitutional as applied to a no-answer default judgment by requiring evidence proving the right to relief at trial, thereby denying the right to no-answer default judgment.[1] We dismiss Judd's petition.

Although mandamus relief can be granted based on unsettled issues of law in a civil case,[2] a writ of mandamus can issue only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Once again—Judd has made many attempts to obtain a divorce from the woman he claims is his common-law wife—Judd has failed to provide a sufficient record. *See* TEX. R. APP. P. 52.3(k). Although Judd has, in this appeal, attached a copy of the document showing the matter complained of, the copy is not certified or sworn. *See* TEX. R. APP. P. 52.3(k). Judd has

---

[1]Previously, Judd requested the trial court to grant him a no-evidence summary judgment. *See* TEX. FAM. CODE ANN. § 6.701 (West 2006) ("In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer."). Judd has alleged, but not shown, that he is entitled to relief because he has filed a motion for a no-answer default judgment and a no-evidence motion for summary judgment.

[2]*In re Lopez*, 372 S.W.3d 174, 176 (Tex. 2012) (orig. proceeding); *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding); *Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex. 1996) (orig. proceeding).

2

also provided an insufficient record to show that he has a common-law marriage[3] or that he has a right to have such marriage dissolved.[4]

Judd now argues that Section 6.701 of the Texas Family Code is unconstitutional. *See* TEX. FAM. CODE ANN. § 6.701. Judd argues he has a constitutional right to a no-answer default judgment under the Open Courts provision of the Texas Constitution. None of the cases cited by Judd provide any support for the existence of a constitutional right to a no-answer default judgment.[5] The Texas Open Courts provision provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. The Texas Supreme Court has explained:

> [The Open Courts provision] includes at least three separate constitutional guarantees: 1) courts must actually be operating and available; 2) the Legislature cannot impede access to the courts through unreasonable financial barriers, and 3) meaningful remedies must be afforded, "so that the legislature may not abrogate

---

[3]In fact, Judd has attached a transcript of a protective order hearing during which Karen Y. Corey-Steele testified she was engaged to Judd.

[4]After Judd's original petition was filed but before this opinion was issued, Judd filed an affidavit dated February 24, 2013, alleging that Judd and his claimed common-law wife cohabited, agreed to be married, and held themselves out to be married. This affidavit does not contain a file stamp or any other indication that it was filed in the trial court. Further, the recent date of the jurat, February 24, 2013, strongly suggests it has not been filed in the trial court. It is fundamental, in a mandamus proceeding, that relief must be sought first in the trial court. *See In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936 (Tex. App.—Tyler 2005, orig. proceeding). We cannot consider documents that are outside the appellate record. *Paselk v. Rabun*, 293 S.W.3d 600, 613 (Tex. App.—Texarkana 2009, pet. denied); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

[5]*See LeCroy v. Hanlon*, 713 S.W.2d 335, 344 (Tex. 1986) (finding court fee deposited into general revenue fund violation of the Open Courts provision); *Nelson v. Krusen*, 678 S.W.2d 918 (Tex. 1984) (statute which made it impossible to bring suit unconstitutional); *Onyx TV v. TV Strategy Grp., LLC*, 990 S.W.2d 427 (Tex. App.—Texarkana 1999, no pet.), *overruled by Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464 (Tex. 2004); *Webb v. Oberkampf Supply of Lubbock, Inc*., 831 S.W.2d 61 (Tex. App.—Amarillo 1992, no writ); *Long v. McDermott*, 813 S.W.2d 622 (Tex. App.—Houston [1st Dist.] 1991, no writ); *Olivares v. Cauthorn*, 717 S.W.2d 431 (Tex. App.—San Antonio 1986, writ dism'd); *Foster v. L.M.S. Dev. Co*., 346 S.W.2d 387 (Tex. Civ. App.—Dallas 1961, writ ref'd n.r.e.).

the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress.

*Trinity River Auth. v. URS Consultants*, 889 S.W.2d 259, 261 (Tex. 1994) (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 448 (Tex. 1993)). The Texas Open Courts provision requires only meaningful remedies, not that all possible procedures be available in all possible causes of action. There are a number of procedures Judd can use to satisfy Section 6.701, such as a traditional motion for summary judgment or similar proceeding permitting the presentation of evidence. Judd has not been denied meaningful remedies. We are not aware of any authority or legal theory that would create a constitutional right under either the Texas Constitution or the United States Constitution to a no-answer default judgment in a divorce. We overrule Judd's claim.

We also dismiss[6] Judd's petition for the reasons stated in our previous opinions, *In re Judd*, No. 06-13-00007-CV, 2013 Tex. App. LEXIS 1225 (Tex. App.—Texarkana Feb. 8, 2013, orig. proceeding) (mem. op.); *In re Judd*, No. 06-12-00118-CV, 2013 Tex. App. LEXIS 236 (Tex. App.—Texarkana Jan 15, 2013, orig. proceeeding) (mem. op.); *In re Judd*, No. 06-12-00011-CV, 2012 Tex. App. LEXIS 496 (Tex. App.—Texarkana Jan. 24, 2012, orig. proceeding) (mem. op.); and *In re Judd*, No. 06-11-00035-CV, 2011 Tex. App. LEXIS 2501 (Tex. App.—Texarkana Apr. 5, 2011, orig. proceeding) (mem. op.).

---

[6]In two of our prior opinions, we dismissed Judd's petitions because Judd had a pending petition for writ of mandamus in the Texas Supreme Court. Although the Texas Supreme Court has denied Judd's petition for writ of mandamus, Judd still has a pending motion for rehearing. *See In re Judd*, No. 12-0730, *available at* http://www.search.txcourts.gov/Case.aspx?cn=12-0730. Therefore, we will dismiss the writ instead of denying relief.

Judd's petition for writ of mandamus is dismissed.


Josh R. Morriss, III
Chief Justice

Date Submitted:     March 12, 2013
Date Decided:       March 13, 2013