

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00065-CV

_____

IN THE INTEREST OF N.Y., A CHILD

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-730727-23

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

After a bench trial, the trial court terminated Appellant Mother's parental rights to her infant daughter N.Y.[1]  In a single issue, Mother complains that her due process rights were violated because she was unable to understand the service plan presented by the Department of Family and Protective Services (the Department) "due to undisputed mental incapacity."  Because Mother failed to preserve her only appellate complaint, we affirm.

## I. BACKGROUND

Mother does not challenge the sufficiency of the evidence.  We will summarize the necessary facts.

During her pregnancy with N.Y., Mother was hospitalized for psychosis.  Mother gave birth to N.Y. in February 2022, and the Department began an investigation the next day due to "concerns about her mental capacity."  Soon thereafter, the Department removed N.Y. and filed a petition to terminate Mother's and Father's[2] parental rights to her.

---

[1]The trial court also terminated N.Y.'s father's parental rights.  Father is not a party to this appeal.

[2]Mother identified Father by name and claimed that he had raped her. Mother's grandmother told the investigator that the man Mother identified was "a maternal uncle by marriage" who had not been seen in years.  The Department represented to the trial court that Father's identity and location were unknown.  The trial court appointed an attorney ad litem for Father.  At the termination trial ten months later, Father's attorney reported that she had conducted a search with what limited information she was able to gather and had not found Father.

The trial court named the Department temporary sole managing conservator of N.Y., and N.Y. was placed with a foster family. A "permanency specialist" created a "family plan" or service plan[3] for Mother and filed it with the trial court. *See* Tex. Fam. Code Ann. §§ 263.101–.102. The Department was specifically interested in seeing Mother complete "a psychiatric assessment with MHMR, medication management, psychological evaluation, appropriate housing, employment, attending visits, and parenting classes and counseling." At a status hearing on April 20, 2023, the trial court found that Mother had reviewed, understood, and signed the service plan and advised Mother that

> unless she [was] willing and able to provide [N.Y.] with a safe environment, even with the assistance of a service plan, within the reasonable period of time specified in the plan, her parental and custodial duties and rights may be subject to restriction or to termination or [N.Y.] may not be returned to her.

The trial court also approved the service plan and made it an order in the case.

At the termination trial, the permanency specialist testified that Mother had not done anything other than starting visits. She testified that she had "tried to get [Mother] engaged in services, starting with treating her mental health," and had "even gotten the family involved to try to help assist, but they reported they can't make her do anything." The trial court found by clear and convincing evidence that termination of the parent–child relationship between Mother and N.Y. was in N.Y.'s best interest and that Mother had

---

[3]The terms are used interchangeably in the record to refer to the same plan.

3

failed to comply with the provisions of a court order that specifically established the actions necessary for [Mother] to obtain the return of the child who ha[d] been in the permanent or temporary managing conservatorship of the Department . . . for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child, pursuant to § 161.001(b)(1)(O), Texas Family Code.

Mother appealed the trial court's judgment.

## II.  PRESERVATION OF ERROR

For a trial court to terminate a parent–child relationship, the party seeking termination must prove two elements by clear and convincing evidence:  (1) that the parent's actions satisfy one ground listed in Family Code Section 161.001(b)(1); and (2) that termination is in the child's best interest.  Tex. Fam. Code Ann. § 161.001(b); *In re Z.N.*, 602 S.W.3d 541, 545 (Tex. 2020).  Here, the trial court found that termination was in N.Y.'s best interest and that Mother had failed to comply with the provisions of her court-ordered service plan.  *See* Tex. Fam. Code Ann. § 161.001(b)(1)(O), (2).  As previously noted, Mother does not argue in this appeal that the evidence is insufficient to support those findings.  Rather, she argues that her "due process rights were violated by an undisputed lack of competency or ability to understand the requirements of her service plan giving rise to the basis of termination under Texas Family Code Section 161.001(O) and the Department's failure to comply with Texas Family Code Section 263.102."

As pertinent here, the Texas Family Code requires the Department to file a service plan not later than the 45th day after the date the trial court renders a

4

temporary order appointing the Department as temporary managing conservator of a child under Chapter 262. *Id.* § 263.101. Section 263.102 provides that the service plan "must . . . be in writing in a language that the parents understand, or made otherwise available," and that the Department "or other authorized entity must write the service plan in a manner that is clear and understandable to the parent in order to facilitate the parent's ability to follow the requirements of the service plan." *Id.* § 263.102(a)(2), (d). Mother contends that it was "uncontroverted" that the service plan was not in a manner that she could understand. She further contends that "the record is clear that [she] was incapable of understanding and completing her service plan due to her lack of mental capacity." But Mother did not present any of these complaints in the trial court.

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. Tex. R. App. P. 33.1(a)(1)(A). If a party fails to do this, then error is not preserved. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). Although much of the termination trial focused on Mother's mental health issues and there was some testimony that she did not understand her service plan, she did not argue to the trial court that her due process rights or Section 263.102 had been violated. Complaints about due process violations must be raised and ruled on in the trial court in order to

5

be preserved for appeal.[4] *In re J.P.-L.*, 592 S.W.3d 559, 575 (Tex. App.—Fort Worth 2019, pet. denied). Therefore, because Mother did not raise her due process claim in the trial court, she has failed to preserve it for our review. *See id.*; *see also Bowman v. KWA202, LLC*, No. 02-22-00216-CV, 2023 WL 2607754, at *2 (Tex. App.—Fort Worth Mar. 23, 2023, no pet.) (mem. op.); *Franklin v. City of Fort Worth*, No. 02-12-00453-CV, 2014 WL 3696092, at *1 (Tex. App.—Fort Worth July 24, 2014, no pet.) (mem. op.); *Van Velzor v. Bradley*, No. 02-13-00233-CV, 2014 WL 2144523, at *2 (Tex. App.—Fort Worth May 22, 2014, pet. denied) (mem. op.), *Sano v. Greenlee*, No. 02-10-00264-CV, 2011 WL 2436737, at *8 (Tex. App.—Fort Worth June 16, 2011, no pet.) (mem. op.). Further, because nothing in the record demonstrates that Mother challenged the Department's compliance with Section 263.102 in the trial court, we hold that Mother failed to preserve her complaint that the Department did not

---

[4]Mother argues that she "suffered fundamental legal harm." To the extent that Mother is asserting "fundamental error" that requires no trial-court predicate for appellate review, *see Brumley v. McDuff*, 616 S.W.3d 826, 830 (Tex. 2021), we reject her assertion. Because of "strong policy considerations favoring preservation," the supreme court has called fundamental error "a discredited doctrine." *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003) (quoting *Cox v. Johnson*, 638 S.W.2d 867, 868 (Tex. 1982)). It is used only in rare circumstances, such as when the record shows on its face that the court lacked jurisdiction, and in juvenile-delinquency cases. *Id.* Fundamental error is applied in juvenile-delinquency cases based on the "quasi-criminal" nature of those cases; thus, "this rationale does not support applying the criminal fundamental-error doctrine to parental rights termination cases." *Id.* at 351; *see also In re L.M.I.*, 119 S.W.3d 707, 708 (Tex. 2003) (stating that in the context of parental rights termination, "adhering to our preservation rules isn't a mere technical nicety; the interests at stake are too important to relax rules that serve a critical purpose").

comply with Section 263.102 of the Texas Family Code. *See In re G.R.*, No. 09-14-00513-CV, 2015 WL 2255868, at *7 (Tex. App.—Beaumont May 14, 2015, no pet.) (mem. op.). We overrule Mother's sole issue.

## III. CONCLUSION

Having overruled Mother's sole issue, we affirm the trial court's judgment terminating Mother's parental rights to N.Y.

/s/ Brian Walker

Brian Walker
Justice

Delivered: May 23, 2024