# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-41035
Conference Calendar

KEITH RUSSELL JUDD

Petitioner-Appellant

v.

JOHN B FOX, Warden

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-491

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Keith Russell Judd, federal prisoner # 11593-051, was convicted of mailing threatening communications with the intent to extort money or something of value, and he was sentenced to serve 210 months in prison. Judd filed a 28 U.S.C. § 2241 habeas corpus petition to challenge his conviction, and he now appeals the district court's dismissal of his § 2241 petition. Judd argues that he was actually innocent of the offense because he was insane at the time of the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Judd has not shown that the district court erred by concluding that his claim, which arises from events that occurred prior to sentencing, was not cognizable in a § 2241 proceeding. See Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Judd has not shown that he should be permitted to proceed under the savings clause of § 2255(e), as he has not shown that his Speedy Trial claim is based on a retroactively applicable case or that he was convicted of a nonexistent offense. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

The appeal is without arguable merit, see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983), and is dismissed as frivolous. See 5TH CIR. R. 42.2. In addition, Judd has a history of vexatious and frivolous litigation in this court and many other courts. We have issued repeated warnings to Judd, and we have sanctioned him for prior frivolous actions. These earlier warnings and sanctions have been insufficient to deter him from continuing to file frivolous challenges to his conviction.

Accordingly, Judd is ORDERED to pay a sanction in the amount of $500 to the Clerk of this Court; and he is BARRED from filing in this court or in any court subject to this court's jurisdiction, any challenge to his conviction or sentence until all sanctions in all his actions are paid in full, unless he first obtains leave of the court in which he seeks to file such challenge. Even after satisfaction of all sanction orders, Judd may not file any civil action in a district court of this circuit, or any pleading or notice of appeal with this court, without first obtaining leave of the court in which he seeks to file such action, pleading, or notice. When seeking leave of court, Judd must certify that the claim he wishes to present is a new one that has never before either been raised and disposed of on the merits or remains pending, in any federal court. Upon failure thus to certify or upon false certification, Judd may be found in contempt of court and punished accordingly. Judd is CAUTIONED that filing any frivolous or repetitive action or challenge to his conviction or sentence, in this court or any

court subject to this court's jurisdiction, will subject him to additional and progressively more severe sanctions.

ALL OUTSTANDING MOTIONS DENIED; APPEAL DISMISSED; SANCTION IMPOSED; SANCTION WARNING ISSUED.