

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00118-CV

_____

IN RE: KEITH RUSSELL JUDD

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

O P I N I O N

Keith Russell Judd, currently incarcerated in a Federal Correctional Institute located in Bowie County, has filed a pro se petition for writ of mandamus requesting this Court to order the Honorable Leon Pesek, Jr., the presiding judge of the 202nd Judicial District Court of Bowie County, to rule on his motion for a default judgment or his no-evidence motion for summary judgment in his suit to dissolve his common law marriage with Karen Y. Corey-Steele. This appears to be, at a minimum, Judd's fourth mandamus petition concerning this matter.

On January 18, 2012, Judd filed a petition for writ of mandamus with this Court raising identical complaints. Noting the only record provided was a "noncertified copy of the officer's return indicating service of process was delivered to respondent," this Court, on January 24, 2012, denied relief based on failure to provide a sufficient record. *See In re Judd*, No. 06-12-00011-CV, 2012 Tex. App. LEXIS 496 (Tex. App.—Texarkana Jan. 24, 2012, orig. proceeding) (mem. op.). On the same day this Court rendered its opinion, Judge Pesek, the respondent, filed a letter in which he explained his ruling as follows:

> This court has been made aware that Keith Russell Judd is seeking a Writ of Mandamus seeking to compel this court to issue a Default Judgment in his pending divorce case.
>
> Mr. Judd is currently incarcerated in the Federal Prison here in Texarkana and is unable to appear in court to prove up said divorce. Further this court is without authority to compel the Federal authorities to present Mr. Judd at a hearing allowing him to prove up the divorce.
>
> So it is this court's belief that Mr. Judd's Writ of Mandamus should be denied and once released from prison he can make a personal appearance in court.

2

This letter was marked "received" by this Court, but was not filed because our opinion had already issued. Judd did not file a motion for rehearing.

On August 27, 2012, Judd filed a second petition for writ of mandamus with this Court raising identical complaints and attaching a copy of the letter to his petition. *In re Judd*, No. 06-12-00085-CV, 2012 Tex. App. LEXIS 7566 (Tex. App.—Texarkana Sept. 5, 2012, orig. proceeding [mand. pending]) (mem. op.). On September 4, 2012, this Court denied relief explaining (1) Judd had once again failed to provide a sufficient record, (2) the trial court erred in concluding Judd should not be granted relief until released from his incarceration, and (3) Judd had not shown he was entitled to relief because, pursuant to Section 6.701 of the Texas Family Code, a default judgment cannot be granted in a divorce action unless evidence is introduced proving a right to relief. *Id.* In our opinion, we noted the trial court's reasoning was incorrect, but its refusal was not a clear abuse of discretion. *Id.* Because Judd had not provided any evidence satisfying the requirements of Section 6.701, the trial court, despite citing incorrect reasons, did not err in refusing to grant Judd a default judgment. *Id.* Judd did not file a motion for rehearing.

On the same day as our opinion in the second mandamus, September 4, 2012, Judd filed a petition for writ of mandamus with the Texas Supreme Court. *See In re Judd*, No. 12-0730, *available at* http://www.search.txcourts.gov/Case.aspx?cn=12-0730. The Texas Supreme Court requested a response from the real party to be received by November 19, 2012.[1] The real party has yet to file a response, and the Texas Supreme Court has yet to render an opinion. *See id.*

---

[1]Judd has attached a copy of the request for a response to the petition in this fourth mandamus proceeding.

3

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision "so arbitrary and unreasonable it amounts to a clear and prejudicial error of law or it clearly fails to correctly analyze or apply the law." *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding).

In this fourth petition, we note that Judd has once again failed to provide a sufficient record. Judd has not introduced a certified copy, or similarly authenticated copy, of the motion for a default judgment or of the no-evidence motion for summary judgment. TEX. R. APP. P. 52.3(k) (The appendix must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of."). Even if such documents had been provided, Judd would not be entitled to relief. Although Judd claims he has filed a no-evidence motion for summary judgment, such a claim does not affect our reasoning. A no-evidence motion for summary judgment is only available when the movant does not have the burden of proof. TEX. R. CIV. P. 166a(i). Judd had the burden to introduce evidence supporting the dissolution of marriage pursuant to Section 6.701 of the Texas Family Code. Without presenting such evidence, Judd has not established that he is entitled to a ruling from the district court. Although the trial court's reasons are not correct, we will not act as Judd's legal advocate and provide advice as to how to proceed with his lawsuit.

4

While we would normally deny mandamus relief, this case has an additional wrinkle—a pending mandamus proceeding in the Texas Supreme Court. Both the Texas Supreme Court and this Court have concurrent jurisdiction to render writs of mandamus against the district court. TEX. GOV'T CODE ANN. §§ 22.002(a), 22.221(b) (West 2004 & Supp. 2012); *In re State Bar of Tex.*, 113 S.W.3d 730, 732 (Tex. 2003) (orig. proceeding). A mandamus is not an appeal. *See Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 484 (Tex. 1964) (orig. proceeding); *see also Pope v. Ferguson*, 445 S.W.2d 950, 953 (Tex. 1969) (orig. proceeding). While it is well established that mandamus relief must generally be sought first in a court of appeals,[2] we are not aware of any Texas precedent where a relator has sought relief from a court of appeals while identical relief is being sought in the Texas Supreme Court.

Under the common law doctrine of dominant jurisdiction, the court that first exercises jurisdiction, normally the court in which suit is first filed, acquires dominant jurisdiction to the exclusion of all other courts with concurrent jurisdiction over the subject matter. *See*, *e.g.*, *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001) (orig. proceeding); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) (orig. proceeding); *Finlan v. Peavy*, 205 S.W.3d 647, 651 (Tex. App.—Waco 2006, no pet.); *Gordon v. Jones*, 196 S.W.3d 376, 385 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Because our prior mandamus proceedings are no longer pending, the Texas Supreme Court is the first court to exercise jurisdiction over this matter.[3] The Texas Supreme Court has

---

[2]TEX. R. APP. P. 52.3(e); *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 229 (Tex. 2008) (orig. proceeding); *Brazos River Conservation & Reclamation Dist. v. Belcher*, 163 S.W.2d 183, 184 (Tex. 1942).

[3]McDonalds suggests that "[t]he Supreme Court will not entertain a filed mandamus proceeding when the court of appeals has already acquired and is exercising original jurisdiction of the matter in question." 6 McDonald & Carlson, *Texas Civil Practice* § 35:39 (2d ed. 1998).

dominant jurisdiction.   We must yield to the Texas Supreme Court.[4]   Thus, dismissal or

abatement is more appropriate than denial.  *See Gordon*, 196 S.W.3d at 386 (noting precedent

authorizing both dismissal, without prejudice, and abatement).

For the reasons stated, we dismiss Judd's petition for writ of mandamus for lack of

jurisdiction.


Jack Carter
Justice


Date Submitted:     January 14, 2013
Date Decided:       January 15, 2013

---

[4]"Dominant jurisdiction is a common law concept which is not based upon lack of jurisdiction, but on the grounds of comity, vexatious litigation, or the avoidance of a multiplicity of suits." *Ault v. Mulanax*, 724 S.W.2d 824, 828 (Tex. App.—Texarkana 1986, orig. proceeding); *see In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (orig. proceeding) (noting Texas Supreme Court never held dominant jurisdiction results in exclusive jurisdiction); *Perry*, 66 S.W.3d at 252; *Reliant Energy, Inc. v. Gonzalez*, 102 S.W.3d 868, 871 n.8 (Tex. App.—Houston [1st Dist.] 2003), *aff'd on other grounds by* 159 S.W.3d 615 (Tex. 2005).  Although mandamus proceedings are original proceedings, the principles of vertical stare decisis still apply, and, as an intermediate court of appeals, we must follow any decisions rendered by the Texas Supreme Court.  *See* TEX. CONST. art. V, § 3; *see also, e.g.*, *Green v. State*, 350 S.W.3d 617, 630 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (discussing vertical stare decisis); *Robinson v. City of Galveston*, 111 S.W. 1076, 1079 (Tex. Civ. App.—1908, no writ); *cf. Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 803 (Tex. App.—Dallas 2008, pet. denied) ("[W]e must follow the decisions of the United States Supreme Court and the Texas Supreme Court.").