

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00007-CV

---

IN RE:  KEITH RUSSELL JUDD

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Keith Russell Judd, currently incarcerated in a Federal Correctional Institute located in Bowie County, has filed a pro se petition for writ of mandamus requesting this Court to order the Honorable Leon Pesek, Jr., the presiding judge of the 202nd Judicial District Court of Bowie County, to "act on numerous requests" including his motion for a default judgment or his no-evidence motion for summary judgment in his suit to dissolve his common law marriage with Karen Y. Corey-Steele. This appears to be, at a minimum, Judd's fifth mandamus petition concerning this matter.

Once again, Judd has failed to provide a sufficient record. TEX. R. APP. P. 52.3(k) (appendix must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"). Judd requests that we order Judge Pesek to provide a record for this mandamus similar to a direct appeal. However, mandamus is not an appeal. *See Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 484 (Tex. 1964). In a mandamus proceeding, it is the relator's responsibility to provide a sufficient record. TEX. R. APP. P. 52.3. We further take judicial notice that pro se litigants, including inmates, routinely provide a sufficient record for mandamus relief.

For the reasons stated in our opinion in *In re Judd*, No. 06-12-00118-CV, 2013 Tex. App. LEXIS 236 (Tex. App.—Texarkana Jan. 15, 2013, orig. proceeding),[1] we dismiss Judd's petition for writ of mandamus.

Jack Carter
Justice

Date Submitted:      February 7, 2013
Date Decided:       February 8, 2013

---

[1]We note that Judd cites *Rhamey v. Fielder*, 203 S.W.3d 24, 32 (Tex. App.—San Antonio 2006, no pet.) (affirming divorce because Appellant did "not challenge the portion of the divorce decree granting a divorce" but reversing remainder of case), and *Narvaez v. Maldonado*, 127 S.W.3d 313 (Tex. App.—Austin 2004, no pet.) (husband not entitled to bill of review), in support of his argument that a default divorce is available. Neither of these cases provide support for Judd's argument that Section 6.701 of the Texas Family Code does not apply in this case. TEX. FAM. CODE ANN. § 6.701 (West 2006) (a default judgment cannot be granted in a divorce action unless evidence is introduced proving a right to relief). It is not our role to inform Judd how to obtain his divorce.