**Opinion filed April 16, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00049-CV

_____

## KEITH RUSSELL JUDD, Appellant
## V.
## KAREN Y. COREY-STEELE, Appellee

**On Appeal from the County Court at Law No. 2**
**Ector County, Texas**
**Trial Court Cause No. CC2-20,222**

### M E M O R A N D U M   O P I N I O N

Keith Russell Judd, Appellant, filed a petition for divorce in Ector County Court at Law No. 2 in which he claimed that he was married to Karen Y. Corey-Steele. The trial court declared that no marriage then existed, or had ever existed, between Appellant and Corey-Steele. The trial court denied Appellant's requested relief, entered a final order, and dismissed the case with prejudice. Appellant asserts that the trial court lacked subject-matter jurisdiction and denied him due process of law but that the trial court had in rem jurisdiction. Appellant has also requested mandamus relief. Because Appellant's arguments lack any merit and are frivolous, we affirm.

## I. *Background Facts and Procedural History*

In 1998, Appellant was convicted for a crime that he committed against Corey-Steele; Corey-Steele testified against him at his trial. Appellant was convicted for that offense and sentenced to confinement for seventeen and one-half years. While incarcerated, Appellant has repeatedly attempted to divorce Corey-Steele, with whom he claims to have had a common law marriage.[1] Corey-Steele has continuously and unambiguously denied that any marriage ever existed between her and Appellant; moreover, she has been legally married to another man for the past ten years.

Appellant originally filed for divorce in 1997 in district court in Ector County in Cause No. C-103,828; the trial court entered an order that no marriage had ever existed and dismissed that case. Appellant appealed that order nine years

---

[1]Appellant has filed, during that seventeen-year time span, seven appeals to this Court concerning protective orders that Corey-Steele filed against him and his attempts to divorce Corey-Steele; this court dismissed each case for lack of jurisdiction or for failure to adhere to mandatory rules of procedure. *See Judd v. Corey-Steele*, No. 11-09-00079-CV, 2009 WL 1709003 (Tex. App.—Eastland June 18, 2009, no pet.) (mem. op.); *Judd v. Corey-Steele*, No. 11-09-00133-CV, 2009 WL 1424553 (Tex. App.—Eastland May 21, 2009, no pet.) (mem. op.); *Judd v. Corey-Steele*, No. 11-09-00002-CV, 2009 WL 481733 (Tex. App.—Eastland Feb. 26, 2009, pet. denied) (mem. op.); *Judd v. Corey-Steele*, No. 11-09-00001-CV, 2009 WL 223839 (Tex. App.—Eastland Jan. 30, 2009, no pet.) (mem. op.); *Judd v. Corey-Steele*, No. 11-08-00237-CV, 2008 WL 4356227 (Tex. App.—Eastland Sept. 25, 2008, no pet.) (mem. op.); *Judd v. Corey-Steele*, No. 11-07-00003-CV, 2007 WL 431324 (Tex. App.—Eastland Feb. 8, 2007, pet. denied) (mem. op.); *Judd v. Corey-Steele*, No. 11-06-00287-CV, 2006 WL 3239378 (Tex. App.—Eastland Nov. 9, 2006, pet. denied) (mem. op.).

In addition, Judd has filed more than 748 cases in various federal courts in Texas and other states on a variety of matters, which has prompted several federal courts to note that he is a vexatious litigant. *See Judd v. U.S. Att'y Gen.*, No. 2:10-CV-00382-JAW, 2011 WL 1374034, at *3–4 (D. Maine Apr. 12, 2011) ("As such, in accordance with *Cok v. Family Court of Rhode Island*, the Court CAUTIONS Mr. Judd and places him on NOTICE that filing restrictions 'may be in the offing.' 985 F.2d 32, 35 (1st Cir. 1993)".); *see also Judd v. U.S. Dist. Ct. W.D. Tex.*, 528 U.S. 5, 5–6 (1999); *Judd v. Fox*, 289 F. App'x 795 (5th Cir. 2008); *In re Judd*, 240 F. App'x 981, 982 (3rd Cir. 2007); *Judd v. United States*, No. 05-5289, 2006 WL 1565084, at *1 (D.C. Cir. Feb. 14, 2006); *Judd v. United States*, No. 06-10172-PBS, 2010 WL 1904869, at *1 (D. Mass. May 5, 2010).

We note that, although this court does not have the jurisdiction to declare a person a vexatious litigant, the trial court does have the ability to do so, upon a motion by a party or sua sponte, under Section 11.051 and Section 11.054 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 11.051 (West 2002), § 11.054 (West Supp. 2014).

2

later, and this court dismissed the appeal for want of jurisdiction because the notice of appeal was not timely filed. In 2008, Appellant again filed for divorce in the County Court at Law No. 2, in Ector County, in Cause No. CC2-20,222. Later still, he again filed for divorce, this time in district court in Bowie County. Without knowing of Appellant's pending suit in Ector County and with Appellant's filing of mandamus petitions in the Texarkana Court of Appeals,[2] the Bowie County district court found Corey-Steele in default and granted Appellant's petition for a divorce. Appellant then attempted to enforce that order in his Ector County suit.

Appellant requested a hearing in the Ector County suit, and at the hearing, Corey-Steele appeared pro se, while Appellant did not attend. The trial court ruled a short time after the hearing that no marriage between Appellant and Corey-Steele ever existed, either ceremonially or at common law, and it issued a "Final Order on Petition for Divorce and Order of Dismissal." Appellant filed a motion to reinstate the case, which was overruled by operation of law, and then filed this appeal.

## II. *Issues Presented*

Appellant claims in his first two issues that (1) he was denied due process when he was not allowed to attend the hearing in person and (2) in light of the Bowie County order, Ector County courts *lacked* subject-matter jurisdiction over the divorce issue and, therefore, entered a void order. Appellant then asserts in his remaining two issues respectively that the Ector County Court at Law *had* subject-matter jurisdiction over the disposition of alleged marital community property and that this court should have granted his mandamus relief. We will address Appellant's issues on subject-matter jurisdiction first.

---

[2]*In re Judd*, No. 06-13-00042-CV, 2013 WL 2146439, at *1 (Tex. App.—Texarkana May 15, 2013, orig. proceeding) (mem. op); *In re Judd*, 391 S.W.3d 561, 563 (Tex. App.—Texarkana 2013, orig. proceeding); *In re Judd*, No. 06-13-00007-CV, 2013 WL 487007, at *1 (Tex. App.—Texarkana Feb. 8, 2013, orig. proceeding) (mem. op.).

III. *Analysis*

A. *Issues Two and Three: Subject-Matter Jurisdiction*

A court can adjudicate a divorce if four initial requirements are met: (1) the suit is brought in the proper court within the county; (2) the court has subject-matter jurisdiction over the marriage; (3) the court has in rem jurisdiction over the alleged marital property; and (4) the court has personal jurisdiction over the parties. *See* TEX. FAM. CODE ANN. §§ 6.301, 6.302, 6.308 (West 2006) (proper county in which to bring suit; personal jurisdiction); TEX. CONST. art. V, § 8 (district court's subject-matter jurisdiction); *Heth v. Heth*, 661 S.W.2d 303, 304–05 (Tex. App.—Fort Worth 1983, writ dism'd) (in rem jurisdiction); *see also Dawson-Austin v. Austin*, 968 S.W.2d 319, 324 (Tex. 1998) (personal jurisdiction). Because Appellant only challenges subject-matter jurisdiction, we will address only that element.

Jurisdiction describes the power of a court, under the constitution and laws, to determine the merits of an action between the parties and to render judgment. *Ysasaga v. Nationwide Mut. Ins. Co.*, 279 S.W.3d 858, 864 (Tex. App.—Dallas 2009, pet. denied); *see also Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004). "District court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. The district court may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity. TEX. GOV'T CODE ANN. § 24.008 (West 2004); *see Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006). District courts generally have subject-matter jurisdiction to grant a divorce between a man and a woman alleged to have been married, but the court may not

4

determine conservatorship of children or divide property if the court lacks personal jurisdiction over one of the parties. *Hoffman v. Hoffman*, 821 S.W.2d 3, 5 (Tex. App.—Fort Worth 1992, no writ). But statutory county courts at law also have concurrent jurisdiction with the district court over civil proceedings as provided by law. *See* GOV'T § 25.0003 (West Supp. 2014).

And the court in which suit is first filed generally acquires dominant jurisdiction to the exclusion of other coordinate courts. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974); *V.D. Anderson Co. v. Young*, 101 S.W.2d 798, 800 (Tex. 1937). Appellant has presented no evidence that he filed the Bowie County case first. In fact, Appellant filed his divorce petition in Ector County first, and all parties necessary to the resolution of the subject matter of the suit were before that court. Therefore, the Ector County court acquired dominant subject-matter jurisdiction. *See Grimes v. Harris*, 695 S.W.2d 648, 651 (Tex. App.—Dallas 1985, no writ).

Appellant argues in his reply brief that a "party may be estopped from asserting the dominant jurisdiction of the first court by a variety of conduct, including representing to a second court that it has jurisdiction." But it was Appellant who filed suit in Ector County and then later improperly attempted to invoke the jurisdiction of the district court in Bowie County. *See Grimes*, 695 S.W.2d at 651; *see also Brown v. Brown*, 566 S.W.2d 378, 380 (Tex. Civ. App.—Corpus Christi 1978, no writ). Because the county court at law in Ector County had dominant jurisdiction and because it found that there was no marriage, we need not address Appellant's issue of division of marital property. We overrule Appellant's second and third issues.

### B. *Issue One: Due Process*

Appellant claims that, even though he neither moved for a bench warrant nor requested an appearance by alternate means, he was denied due process because he

5

was not allowed to attend the hearing in Ector County in person. Litigants cannot be denied access to the courts simply because they are inmates. *See Hudson v. Palmer*, 468 U.S. 517, 523 (1984). However, inmates do not have an absolute right to appear in person at every court proceeding. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). "A prisoner in Texas has a constitutional right of access to the courts, but only a qualified right to appear personally at a civil proceeding." *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.). "The inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity." *Ringer v. Kimball*, 274 S.W.3d 865, 867–68 (Tex. App.—Fort Worth 2008, no pet.) (citing *Z.L.T.*, 124 S.W.3d at 165).

A court may allow an inmate to appear by telephone, affidavit, or other effective means. *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding). "[T]he term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). Prior to the hearing in this case, Appellant filed a written appearance but did not request a bench warrant or an appearance by alternate means; Appellant also did not outline in his written appearance why his physical presence in court was required. A trial court does not have a duty to independently inquire into the necessity of an inmate's appearance. *In re G.M.S.*, No. 10-08-00131-CV, 2008 WL 4816616, at *2 (Tex. App.—Waco Nov. 5, 2008, no pet.) (mem. op.) (citing *Z.L.T.*, 124 S.W.3d at 166).

In addition, a party's due process rights are safeguarded when he is provided notice and an opportunity to be heard. *Chandler v. Hendrick Mem'l Hosp., Inc.*, 317 S.W.2d 248, 250–52 (Tex. Civ. App.—Eastland 1958, writ ref'd n.r.e.). Appellant filed what he called a "Written Appearance For Hearing" that contained

facts, arguments, and authorities in support of his position that the district court in Bowie County had jurisdiction to grant him a divorce. The trial court noted the filing and reviewed the pleadings and evidence filed by Appellant. It is undisputed that Appellant received notice and had an opportunity to be heard. Therefore, the trial court did not abuse its discretion when it held a hearing without Appellant being physically present. *See G.M.S.*, 2008 WL 4816616, at *2 (citing *Z.L.T.*, 124 S.W.3d at 166). We overrule Appellant's first issue.

### C. Issue Four: Mandamus

Appellant, in a supplemental brief, requests that this court grant mandamus relief and order the trial court to rule on his motion to reinstate. Mandamus is an original proceeding, separate and apart from an appeal. TEX. R. APP. P. 52.1. Appellant cannot petition for mandamus in this appeal. *Id.*; *see In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.—Amarillo 1999, orig. proceeding). We overrule Appellant's final issue.[3]

## IV. *This Court's Ruling*

We affirm the order of the trial court.

PER CURIAM

April 16, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[3]We note that, prior to filing his supplemental brief in this cause, Appellant filed an original proceeding in this court in Cause No. 11-14-00103-CV. In that proceeding, Appellant requested, as he does in his supplemental brief in the present appeal, that this court issue mandamus and order the trial court to rule on Appellant's motion to reinstate. On April 24, 2014, we denied Appellant's request for mandamus relief in Cause No. 11-14-00103-CV.

7