

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§

EX PARTE:  ANTONIO BARRIENTEZ    §

§

§

§

No. 08-14-00004-CR

Appeal from the

168th District Court

of El Paso County, Texas

(TC# 20120D01144/2013DCV1544)

# **O P I N I O N**

Antonio Barrientez appeals the trial court's order denying him habeas corpus relief from indictment in Cause No. 20120D01144.  In his sole issue, he contends that the Double Jeopardy Clause bars any prosecution for violation of sex offender civil commitment terms because it would effectively allow the State to punish him twice for the same crime.  We affirm.

## **BACKGROUND**

Following his apparent conviction for an unknown sex offense,[1] Appellant entered into an agreed judgment civilly committing him to certain restrictions as a sexually violent predator in Montgomery County, Texas.  As part of the terms of his civil commitment, Appellant could

---

[1] Although Appellant claims this conviction bars the instant prosecution under double jeopardy, Appellant never makes clear what specific sex crime he was found guilty of, nor does any record of that conviction appear in the appellate record before this Court.

not possess a cellular phone without prior approval from the Office of Violent Sex Offender Management.

Subsequently, the State indicted Appellant for violating his civil commitment terms by possessing an unauthorized cell phone in a correctional facility, enhanced by a previous 2010 conviction for the same offense. Appellant filed for a pretrial writ of habeas corpus, contending that both the civil commitment and the prosecution for violating the terms of the civil commitment constituted punishments in violation of his double jeopardy rights. The trial court denied relief, and he appealed.

## DISCUSSION

Appellant maintains that double jeopardy bars prosecution in this case. We disagree.

### *Standard of Review*

We review the facts underlying the trial court's habeas corpus decision "in the light most favorable to the trial judge's ruling and should uphold [that ruling] absent an abuse of discretion." [Internal quotation marks omitted]. *Ex parte Quintana*, 346 S.W.3d 681, 684 (Tex.App.--El Paso 2009, pet. ref'd). We review *de novo* mixed questions of law and fact that do not hinge on credibility or demeanor determinations. *Ex parte Miller*, No. 08-11-00245-CR, 2012 WL 5949741, at *2 (Tex.App.--El Paso Nov. 28, 2012, no pet.)(not designated for publication).

### *Analysis*

"The Double Jeopardy Clause protects criminal defendants from three things: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense." *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex.Crim.App. 2013). The thrust of Appellant's argument, near as we can

2

construe it, is that the State seeks to punish him for his sex offense for the third time—first, through his conviction; second, through the civil commitment process; and third, by prosecuting him for violating the terms of that commitment.

The State, as a threshold matter, argues that we should not consider any constitutional challenges to the commitment process on collateral review and that the only issue properly before the Court is double jeopardy as to the commitment violation charge. We agree. Although Appellant has cited to cases that discuss civil commitment processes in light of both due process and double jeopardy, Appellant has not briefed any argument on the as-applied constitutionality of Texas' civil commitment regime, and we will not address that issue, nor can we in this procedural posture. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex.Crim.App. 2010)(as-applied constitutional challenges are generally not cognizable as pretrial habeas corpus claims). Instead, Appellant's brief presents only a double jeopardy challenge.

We also note that Appellant cannot use his habeas corpus petition to collaterally attack the agreed civil commitment order on double jeopardy grounds. *See Adams v. State*, 222 S.W.3d 37, 56-57 (Tex.App.--Austin 2005, pet. ref'd)(defendant could not collaterally attack civil commitment order in direct appeal from criminal conviction). Even if Appellant could collaterally attack the agreed civil commitment order in this case, it is well-settled that a sex offender civil commitment proceeding is not "punitive," *see In re Commitment of Fisher*, 164 S.W.3d 637, 653 (Tex. 2005); *Adams*, 222 S.W.3d at 55-56, and that imposition of civil commitment is not considered to be "punishment" under double jeopardy jurisprudence because its purpose is ostensibly preventive and not retributive. *See In re Commitment of Browning*, 113 S.W.3d 851, 862 (Tex.App.--Austin 2003, pet. denied)(defendant not entitled to criminal constitutional procedures, including protection against double jeopardy, because sex offender

3

was civil proceeding and not a punitive criminal proceeding).

Appellant correctly recognizes this fact, but notes that while the Texas Supreme Court has decided in *Fisher* that the statute here is not punitive, we would be justified in relying on the rationale expounded upon in the Corpus Christi Court of Appeals opinion that *Fisher* reversed[2] because the Texas Court of Criminal Appeals has apparently not passed on this issue. Even so, silence from one high court does not mean we are free to disregard the other high court's ruling in *Fisher* until both courts have ruled on this issue. Intermediate courts are bound by the decisions of the high courts. *In re Judd*, 391 S.W.3d 561, 563 n.4 (Tex.App.--Texarkana 2013, orig. proceeding)(intermediate appellate court may not disregard authority from Texas Supreme Court under *stare decisis*); *Bryant v. State*, No. 14-11-00820-CR, 2012 WL 5378116, at *6 (Tex.App.--Houston [14th Dist.] Nov. 1, 2012, no pet.)(mem. op., not designated for publication)(intermediate court must adhere to Court of Criminal Appeals decisions out of "principles of vertical *stare decisis*"). Here, we have a definitive answer on a legal question from one of the two high courts. Absent conflicting authority, we cannot disregard the Texas Supreme Court's legal determination under *stare decisis*. Appellant is not entitled to relief on this ground.

Finally, we reject Appellant's contention that punishing him for violating the civil commitment requirements constitutes a second punishment for the sex offense that led to his commitment. First, we have no information in the record pertaining to the original sex offense, and thus cannot determine how the conduct at issue is related to that offense either elementally under the *Blockburger*[3] test or in terms of evidence. *See Ex parte Chairez*, No. 08-00-00083-CR, 2001 WL 63033, at *2-*3 (Tex.App.--El Paso Jan. 25, 2001, no pet.)(not designated for

---

[2] *In re Commitment of Fisher*, 123 S.W.3d 828 (Tex.App.--Corpus Christi 2003, pet. granted).

[3] *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

4

publication)(habeas proponent bears burden of proving claim).  Simply put, we cannot process Appellant's claim without knowing what the original charge was.  Second, to the extent Appellant argues abstractly that any prosecution for violating civil commitment requirements is a second punishment for the underlying sex offense *per se*, we note that our sister courts addressing this issue have held otherwise.  *Ex parte Darnell*, No. 2-08-229-CR, 2009 WL 976021, at *1 (Tex.App.--Fort Worth Apr. 9, 2009, pet. ref'd)(mem. op., not designated for publication); *cf. Smith v. Doe*, 538 U.S. 84, 102, 123 S.Ct. 1140, 1152, 155 L.Ed.2d 164 (2003)(noting, in challenge to Alaska sex offender law, that any prosecution stemming from a registration violation "is a proceeding separate from the individual's original offense").  The offense of possessing a cellular phone while subject to civil commitment requirements is a separate and distinct offense from the sex offense for which Appellant was convicted.  Because Appellant has not explained how his particular case differs or distinguished applicable law, we proceed no further in our analysis.

Issue One is overruled.  The judgment of the trial court is affirmed.


June 3, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)